IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION, HOOPONO-SERVICES FOR THE BLIND,<br><br>      Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, REHABILITATION SERVICES ADMINISTRATION,<br><br>      Defendant. | CIVIL 17-00430 LEK-KSC |

**ORDER DENYING PLAINTIFF'S SECOND
<u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

On August 28, 2017, Plaintiff State of Hawai`i, Department of Human Services, Division of Vocational Rehabilitation, Ho`opono - Services for the Blind ("Ho`opono") filed its Second Motion for Temporary Restraining Order ("TRO Motion"). [Dkt. nos. 5 (TRO Motion) & 6 (memorandum in support).] Defendant United States Department of Education, Rehabilitation Services Administration ("Defendant") filed its memorandum in opposition on September 12, 2017. [Dkt. no. 19.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). On September 19, 2017, this Court issued an entering order outlining the Court's decision on the TRO Motion

("9/19/17 EO Outline").  [Dkt. no. 24.]  The instant Order supersedes the 9/19/2017 EO Outline.  The TRO Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The instant case is an appeal of an Arbitration Decision, dated July 24, 2017 ("the Decision"), in proceedings brought pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107, *et seq.* ("the Act").  [Complaint and Appeal Brief ("Complaint"), filed 8/28/17 (dkt. no. 1), Exh. A (Decision).]  Ho`opono is Hawaii's licensing agency for purposes of the Act, and Defendant is the federal agency that administers the Act.  [Complaint at ¶¶ 7-8.]  Ho`opono describes the purpose of the Act as "provid[ing] 'blind persons with remunerative employment, enlarging the economic opportunities of the blind and stimulating the blind to greater efforts and striving to make themselves self-supporting' by authorizing them to operate vending facilities on government property and giving them a 'priority' to do so."  [Id. at ¶ 9 (quoting 20 U.S.C. §§ 107(a) and (b)).]

From 2005 to 2016, pursuant to Contract No. W912CN-16-D-0016 between the Army and Ho`opono ("the Contract"), the licensed Ho`opono blind vendor – James Theodore Chinn, Jr. – provided cafeteria services at four Schofield Barracks ("Schofield") dining halls.  Some of the dining halls were designated as Full Food Service ("FFS") facilities, and the

2

others were designated as Dining Facility Attendant ("DFA") facilities.[1]  The Contract was designated as an FFS contract because it involved some facilities with food preparation.  The Army's position is that the Act only applies to FFS contracts, but Ho`opono contends the Act applies to all Army dining facilities.  [Id. at ¶ 14.]

In a December 22, 2015 letter to Ho`opono, the Army stated that the Contract was in its last option year and would expire on March 31, 2016.  However, the subsequent contract was going to be "down-scoped" from an FFS contract to a DFA services contract.  [Complaint, Exh. B.]  The Army stated that it intended to reserve the contract for Ho`opono because of its priority under the Act, which would result in the new contract being awarded to Ho`opono unless it's "offer exceed[ed] the low offeror by more than five percent of that offer or one million dollars, whichever is less."  [Id.]  However, on February 25, 2016, the Army amended Solicitation No. W912CN-16-R-0005 ("the Solicitation") to make the DFA dining halls subject to a separate contract with "an exclusively small-business set-aside

---

[1] Pursuant to Army regulations, FFS "encompasses all aspects of feeding the troops at Schofield Barracks including food preparation and day-to-day operation of dining facilities," whereas DFA services "are similar, but do not include food preparation, as those services are performed by uniformed personnel."  [Complaint at ¶ 14.]  Ho`opono points out that the Act itself does not contain this distinction between types of cafeteria operation contracts.  [Id.]

procurement, which did not allow Ho`opono to bid for the contract because it did not qualify as a small business." [Complaint at ¶ 15.]

In the arbitration proceeding, the parties addressed the issue of whether the Act required the Army to give Ho`opono priority in bidding for the new Schofield DFA services contract. [Id. at ¶ 1.] A majority of the arbitration panel concluded that DFA services are not subject to the Act, and therefore the Army did not violate the Act when it issued the Solicitation without applying the Act's priority and procedures. [Decision at 12-13.] In the instant appeal, Ho`opono seeks to have the Decision overturned "because it is erroneous and contrary to law and the provisions of the Act." [Complaint at ¶ 3.]

In the TRO Motion, Ho`opono seeks an order prohibiting the Army from awarding the new DFA service contract "to Acorn [Services, Inc.] or any other vendor that is not a blind vendor pursuant to the Act." [Mem. in Supp. of TRO Motion at 11-12.] The TRO Motion represents that Ho`opono had an agreement with the Army that Mr. Chinn would continue to provide the cafeteria services at Schofield until January 31, 2018. [Id. at 3.] Thus, Ho`opono argues that the Army should be required to maintain the status quo by allowing Mr. Chinn to continue to provide the cafeteria services during the pendency of the instant appeal.

**STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The preliminary injunction standard also applies to a plaintiff's request for a TRO. See, e.g., Washington v. Trump, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citing Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).[2] Ho`opono has the burden of proof as to each element in the analysis. See PNY Techs., Inc. v. Netac Tech. Co., Civil 16-00657 LEK-KSC, 2017 WL 2903342, at *5 (D. Hawai`i May 31, 2017).

**DISCUSSION**

Ho`opono has failed to present admissible evidence of an executed, binding agreement with the Army extending the Contract until January 31, 2018. Defendant has presented admissible evidence that the Army and Ho`opono entered into a bridge contract "[d]ue to delays encountered with the

---

[2] Stuhlbarg was overruled on other grounds by Winter. See, e.g., Conservation Cong. v. United States Forest Serv., No. 2:13-cv-01922-TLN-CMK, 2016 WL 6524860, at *3 (E.D. Cal. Nov. 3, 2016).

Solicitation and amendments" ("Bridge Contract"). [Mem. in Opp., Decl. of Ronnie Sakata ("Sakata Decl.") at ¶ 7.[3]] The Bridge Contract had a base period of April 1, 2016 to May 31, 2016, with an option period of June 1, 2016 to July 31, 2016, and subsequent monthly options from August 1, 2016 to January 31, 2017. All of the options in the Bridge Contract were exercised. [Id.] Subsequently, the Army and Ho`opono entered into another bridge contract, because of delays related to the arbitration ("Second Bridge Contract").[4] [Id. at ¶ 8.] The Second Bridge Contract had a base period of February 1, 2017 to April 30, 2017, with an option period of May 1, 2017 to July 31, 2017, and subsequent monthly options from August 1, 2017 to January 31, 2018. The monthly options were subject to clause 52.217-8 of the Second Bridge Contract. [Second Bridge Contract at Pages 28-29 of 77.] Clause 52.217-8 stated:

> The Government may require continued performance of any services within the limits and at the rates specified in the contract. These rates may be adjusted only as a result of revisions to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised more than once, but the total extension of performance hereunder shall not exceed 6 months. The Contracting Officer may exercise the option by

---

[3] Ronnie Sakata is a Supervisory Contract Specialist with the "Regional Contracting Office - Hawaii, 413th Contracting Support Brigade, Wheeler Army Airfield, Schofield Barracks, Hawaii." [Sakata Decl. at ¶ 1.]

[4] The Second Bridge Contract is attached to the Sakata Declaration as Exhibit B.

> written notice to the Contractor within 30 days of
> the contract expiration.

[Id. at Page 64 of 77.]  Thus, the decision to exercise the monthly options was in the Army's sole discretion.

The Army exercised the May 1 to July 31 option and the August 1 to 31 option, but did not exercise the remaining options.  See Sakata Decl. at ¶ 8 (stating that the Army's contracting office "did not exercise this option period, which caused the contract to expire on 31 August 2017").  Because the Second Bridge Contract has expired, the subsequent options "are no longer exercisable."  [Id. at ¶ 13.]  Although the Second Bridge Contract could have been extended through January 31, 2018, Ho`opono had no right or entitlement to such extensions.

Neither the exhibits to the Complaint nor the exhibits to the TRO Motion contain any evidence contradicting Defendant's evidence.[5]  Based upon the record before it, this Court must conclude that Ho`opono has not established either a legal or an equitable basis for a continued entitlement to enforce the Second

---

[5] On September 18, 2017, this Court issued an entering order informing the parties that it was inclined to vacate the September 22, 2017 hearing on the TRO Motion and decide the motion based on the parties' written submissions ("9/18/17 EO"). [Dkt. no. 21.]  The 9/18/17 EO noted that Ho`opono had not included any declarations or affidavits with the TRO Motion, nor did Ho`opono file any exhibits or declarations/affidavits in lieu of direct examination by the September 12, 2017 deadline.  [Id. at 1.]  The parties had no objection to the inclination, and the hearing was vacated.  [Dkt. nos. 22 (EO vacating hearing), 23 (letter from Defendant's counsel stating the parties' positions).]

Bridge Contract.  Therefore, Ho`opono has failed to carry its burden to prove that it – or Mr. Chinn – is likely to suffer irreparable harm unless this Court issues a TRO.  Because a plaintiff seeking a TRO must establish all of the Winter factors to be entitled to relief, the failure to establish irreparable harm is fatal to the TRO Motion, and it is not necessary for this Court to address whether Ho`opono has established the other Winter factors.  Ho`opono therefore is not entitled to the relief it requests in the TRO Motion.

### CONCLUSION

On the basis of the foregoing, the Second Motion for Temporary Restraining Order, which Ho`opono filed on August 28, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 20, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STATE OF HAWAII, ETC. VS. UNITED STATES DEPARTMENT OF EDUCATION, ETC; CIVIL 17-00430 LEK; ORDER DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER**